# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

Phyllis Wiles, as personal representative )
of the wrongful death class pursuant to )
§ 537.080 RSMo., as personal representative )
of the estate of Jack Wiles and individually, )
                                                          Plaintiffs, )

vs. ) No. 07-0842-CV-W-FJG

United States of America, )
                                                          Defendant. )

## ORDER

On May 8, 2008, the Court held a hearing regarding the settlement of this wrongful death case. The parties have executed and filed a Stipulation for Compromise Settlement and Release of Claims (Doc. No. 19) agreeing to the settlement of the case and the amount of the total settlement. The Court approves the Stipulation (Doc. No. 19) and adopts it as the order of the Court.

The remaining issue for hearing and ruling is the apportionment of the settlement proceeds between Counsel for the Plaintiff and the members of the Wrongful Death Class who include Phyllis Wiles (surviving spouse of decedent Jack Wiles), Diana Drake (daughter of decedent), Linda Hongerloot (daughter of decedent), David Wiles (son of decedent) and Mark Wiles (son of decedent), pursuant to §537.095 RSMo.

The Court finds that all concerned persons have been given notice of the date, time and place of the hearing. Phyllis Wiles and Diana Drake appear in person. Linda Hongerloot, David Wiles and Mark Wiles have previously submitted written statements regarding the apportionment of the wrongful death settlement.

Upon consideration of the testimony of Phyllis Wiles and Diana Drake, the written submissions of Linda Hongerloot, David Wiles and Mark Wiles and the evidence adduced and admitted into evidence at the hearing, the Court ORDERS the following:

1. The wrongful death settlement as more fully set forth in the Parties' Stipulation for Compromise Settlement and Release of Claims (Doc. No. 19) is approved and the Plaintiff is ordered to collect the settlement proceeds. The Court finds that the settlement herein is in compliance with RSMo. §§ 537.080 and 537.095.

2. Phyllis Wiles, as representative of the wrongful death class shall, upon receipt of the gross settlement proceeds of $100,000.00 from the Defendant, distribute the said settlement proceeds as follows:

    2.1    William H. Pickett, P.C.- $25,000.00 Attorney's Fees.

    2.2    William H. Pickett, P.C.- $3,873.31 Expenses.

    2.3    Phyllis Wiles- $56,901.35 80% of settlement net of fees and expenses.

    2.4    Diana Wiles- $11,380.27 16% of settlement net of fees and expenses.

    2.5    David Wiles- $948.36 1.333% of settlement net of fees and expenses.

    2.6    Mark Wiles- $948.36 1.333% of settlement net of fees and expenses.

2.7     Linda Hongerloot-        $948.35

1.333% of settlement net of fees

and expenses.

3. Upon payment by the Defendant of the Settlement proceeds, the Parties shall execute and file a stipulation of dismissal with prejudice of the Plaintiff's Complaint.

4. Upon the distribution of the settlement proceeds as set forth herein, the Plaintiff shall file a report and accounting of the distribution of the settlement proceeds with the Court.

Further, the Court dismisses Counts II and III of the Complaint with prejudice, pursuant to Rule 41(a)(2) and plaintiff's unopposed Dismissal with Prejudice (Doc. No. 18), which the Court treats as a motion to dismiss.[1]

**IT IS SO ORDERED.**

/s/Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
Chief United States District Judge

Dated:   5/12/08
Kansas City, Missouri

---

[1] Plaintiff cannot voluntarily dismiss an action without a court order unless the notice of dismissal is filed before the opposing party serves either an answer or a motion for summary judgment, or a stipulation of dismissal signed by all parties has been filed.  Rules 41(a)(1)(A)(i) and (ii) of the Federal Rules of Civil Procedure.